UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

LAMB FARMS, INC. *et al.*,

                    Plaintiffs

   v.

GEA NORTH AMERICA, INC., *et al.*,

                    Defendants.

**DECISION AND ORDER**

1:25-cv-00191(JLS)(JJM)

---

Defendant GEA North America, Inc. ("GEA") has moved to transfer the venue of this action to the United States District Court for the Northern District of Illinois, Eastern Division [23],[1] and the motion has been referred to me by District Judge John L. Sinatra, Jr. for initial consideration. [15]. The parties have agreed to transfer venue to that court. *See* plaintiffs' Response [31], Point IV(A) and my dated September 4 and October 15, 2025 Text Orders confirming that agreement [35, 39]. However, GEA now wants to reserve the right to seek in the Northern District of Illinois the costs and attorney's fees which it incurred in filing the motion to transfer in this court.

### DISCUSSION

Fed. R. Civ. P. ("Rule") 7(b)(1)(C) requires that a motion must "state the relief sought". The only relief sought by GEA was "an Order transferring the action to the Northern District of Illinois, Eastern Division". *See* GEA's Notice of Motion ([23] at 1) and Memorandum

---

[1]     Bracketed references are to CM/ECF docket entries, and page references are to CM/ECF pagination.

of Law [23-1] at 23. It did not request costs or attorney's fees in that motion, nor did it mention that possibility at the September 4, 2025 status conference. [35, 36].

Since it did not request attorney's fees or costs in the motion which it filed in this court, GEA may not seek that relief elsewhere. See Morris v. Business Concepts, Inc., 2001 WL 1338907, at *3, n. 2 (S.D.N.Y. 2001) ("defendants . . . should not be permitted to recover their fees and costs . . . because they failed to request that relief in their notice of motion"); Berns v. EMI Music Publishing, Inc., 1999 WL 1029711, *10 (S.D.N.Y. 1999) ("[i]f the relief is not requested by the notice of motion, then the movant does not get that relief"); plaintiffs' Letter Brief [41] at 4-6 and authorities cited therein.

## CONCLUSION

Having considered the parties' Letter Briefs [40, 41], for the reasons discussed I conclude that GEA may not seek to recover attorney's fees or costs incurred in connection with its motion to transfer venue [23].[2] On or before November 7, 2025 the parties shall file a stipulation transferring the venue of this action to the United States District Court for the Northern District of Illinois, Eastern Division, failing which I will recommend to Judge Sinatra that GEA's motion for transfer [23] be granted.

Dated: October 28, 2025.

    __/s/   Jeremiah J. McCarthy_____

    JEREMIAH J. MCCARTHY
    United States Magistrate Judge

---

[2] That issue is nondispositive. In re: Terrorist Attacks, 2015 WL 9255560, *1 (S.D.N.Y. 2015).